# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 6, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

155193-4

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellant,

v

RONALD ANTHONY DIMAMBRO, JR,
   Defendant-Appellee.

   SC: 155193-4
   COA: 323251; 332319
   Macomb CC: 2013-004215-FC

_____/

On order of the Court, the application for leave to appeal the December 6, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I respectfully dissent from this Court's order denying the prosecutor's application for leave to appeal. I write separately because I would vacate the judgment of the Court of Appeals addressing whether defendant demonstrated the materiality of 32 suppressed autopsy photographs. The Court of Appeals failed to assess the materiality of the photographs in relation to the totality of the evidence presented in this case. I would remand this case to the Court of Appeals for reconsideration of the materiality of the photographs in relation to the totality of the evidence presented at trial.

To establish that suppressed evidence was material under *Brady v Maryland*, 373 US 83 (1963), "a defendant must show that 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *People v Chenault*, 495 Mich 142, 150 (2014), quoting *United States v Bagley*, 473 US 667, 682 (1985). See also *Cone v Bell*, 556 US 449, 469-470 (2009) ("[E]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. In other words, favorable evidence is subject to constitutionally mandated

disclosure when it 'could reasonably be taken to put *the whole case* in such a different light as to undermine confidence in the verdict.' "), quoting *Kyles v Whitley*, 514 US 419, 435 (1995) (emphasis added). Notably, courts must view the evidence "in its totality," *Chenault*, 495 Mich at 155, and "consider the suppressed evidence collectively, rather than piecemeal," when "assessing the materiality of the evidence," *id*. at 151. See also *Strickler v Greene*, 527 US 263, 290-294 (1999) (petitioner failed to demonstrate a reasonable probability of a different result for purposes of materiality in light of other evidence); accord *Thomas v Westbrooks*, 849 F3d 659, 663 (CA 6, 2017) ("Evidence is 'material' for *Brady* purposes when, *in view of all relevant evidence*, its absence deprives the defendant of a fair trial, understood as a trial resulting in a verdict worthy of confidence.") (quotation marks and citations omitted; emphasis added); *Henness v Bagley*, 644 F3d 308, 325 (CA 6, 2011) ("The evidence supporting the defendant's conviction also must be considered when determining potential prejudice from a *Brady* violation."), citing *Towns v Smith*, 395 F3d 251, 260 (CA 6, 2005). Although the Court of Appeals majority concluded that the suppression of the photographs was material, *People v Dimambro*, 318 Mich App 204, 220 (2016), it failed to view the suppressed evidence in relation to the totality of all the other relevant evidence, including evidence supporting defendant's conviction, in reaching that conclusion. Moreover, notwithstanding that the materiality analysis tests " 'the result of *the proceeding*,' " *Chenault*, 495 Mich at 150, quoting *Bagley*, 473 US at 682 (emphasis added), that is, the original trial, I believe that the Court of Appeals majority may have failed to afford due consideration to the assertion of the Court of Appeals dissent that, by presenting the testimony of a different expert during the posttrial *Brady* proceedings than had been presented during the trial itself, defendant failed to "establish that the testimony presented *at trial* would have been different had the defense received the 32 photographs," *Dimambro*, 318 Mich App at 228 (JANSEN, J., dissenting).

Accordingly, I would vacate the portion of the judgment of the Court of Appeals dealing with materiality and remand to that court for reconsideration of the materiality of the photographs in relation to the totality of the evidence presented at trial.

MARKMAN, C.J. and WILDER, J., join the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 6, 2017



Clerk

s1003